# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GARY KLUSTY,

               Petitioner,      :      Case No. 2:17-cv-62

   - vs -                            District Judge Algenon L. Marbley
                                      Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
  London Correctional Institution,

                                :
              Respondent.

---

# REPORT AND RECOMMENDATIONS

---

      This habeas corpus case, brought by Petitioner Gary Klusty with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 5), Respondent's Return of Writ (ECF No. 6), and Petitioner's Reply (ECF No. 10). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the workload in the District. The case remains assigned to District Judge Marbley for final decision.

      Delaware County, Ohio, Court of Common Pleas Judge Everett H. Krueger is named in the Petition as Respondent. However, the correct respondent in a habeas corpus case is the person who has custody of the petitioner which, at the time the Return was filed, was Jeffrey Noble, Warden of the London Correctional Institution. Mr. Noble is hereby substituted for Judge Krueger and the caption is amended as set forth above.

**Litigation History**

A Delaware County, Ohio, grand jury indicted Klusty on August 21, 2003, on three counts of rape in violation of Ohio Revised Code § 2907.02 with force specifications, and two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05. The case was dismissed without prejudice prior to trial because of the unavailability of Klusty's wife as a witness. Ten years later on August 23, 2013, a Delaware County grand jury re-indicted Klusty, now charging him with five counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4) and three counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). A jury convicted Klusty on all charges except one count of rape and he was sentenced to a term of ten years to life imprisonment.

Klusty timely filed his direct appeal to the Ohio Fifth District Court of Appeals, which affirmed. *State v. Klusty*, 5th Dist. Delaware No. 14 CAA 07 0040, 2015-Ohio-2843 (Jul. 13, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1459 (2016). After the Supreme Court of Ohio declined to hear his case, Klusty filed his Petition in this Court on January 20, 2017 (ECF No. 1). He pleads the following Grounds for Relief:

> **Ground One:** Pre-indictment Delay/Due Process
>
> **Supporting Facts:** Defendant was originally indicted in 2003. On April 21, 2004, the State dismissed the case without prejudice, citing unavailability of a witness due to pregnancy, and indicated that the case would be refiled once the witness was available. The State then failed to refile the case until August 23, 2013. By that time, the alleged victim's therapist, to whom she had made statements regarding Petitioner's conduct, had passed away. Additionally, the therapist's notes regarding her sessions with the alleged victim had been lost. Defendant was thus unable to make any inquiry as to the alleged victim's date of disclosure to the therapist, her description of events, or any other pertinent details of their interactions.

>Notably, the witness originally cited by the State in its dismissed was never utilized in 2013.
>
>**Ground Two:** Failure to Instruct/Due Process
>
>**Supporting Facts:** When numerous jury questions were received regarding the age of the case relative to the dates of the alleged conduct, the trial court failed to advise the jury that the delay was due to the State's dismissal of the original case. Rather, the trial court merely advised that any history of the case was irrelevant to their deliberations. Thus, the jury was permitted to operate under the false impression that the delay could have been due to the actions of Petitioner.
>
>**Ground Three:** Failure to Separate Witnesses/Due Process
>
>**Supporting Facts:** The trial court permitted the alleged victim to remain present in the courtroom during the testimony of other fact witnesses despite Petitioner's request the witnesses be separated during the trial.

*Id.* at PageID 5, 7-8.

## Analysis

**Ground One: Denial of Due Process by Pre-Indictment Delay**

In his First Ground for Relief, Klusty claims he was denied due process of law by the State's lengthy delay prior to re-indictment (Petition, ECF No. 1, PageID 5). Respondent defends on the merits, asserting the Fifth District's decision of this claim is entitled to deference (Return of Writ, ECF No. 6, PageID 339-40)..

Klusty raised this claim as his First Assignment of Error on direct appeal and the Fifth

District decided it as follows:

> {¶ 14} In the first assignment of error, Appellant argues the trial court erred in overruling Appellant's motion to dismiss the indictment due to pre-indictment and post-indictment delay.
>
> {¶ 15} The Ohio Supreme Court in *State v. Luck* 15 Ohio St.3d 150, 15 Ohio B. 296, 472 N.E.2d 1097 (1984), held
>
>> Having found actual prejudice to the defendant, we turn to the second part of the test set forth in *United States v. Lovasco, supra*, which requires that there be no justifiable reason for the delay in prosecution that caused this prejudice. On this point, the state contends that it appears that there was, in 1967, at least a police error in judgment as to whether this case should have been submitted to the prosecutor's office. Following this alleged "error in judgment," the Lakewood Police Department ceased its active investigation into Tietjen's death. Fifteen years later, the prosecutor sought an indictment based upon the same evidence that had been available in 1968, [footnote omitted] In fact, the deaths of witnesses and the loss of taped interviews had significantly *reduced* the available evidence by the time that the prosecutor sought the indictment of Mrs. Luck.
>>
>> This court will not assume the role of the prosecutor to determine when there is sufficient evidence to seek an indictment in every case; and we agree with the rationale of *United States v. Lovasco, supra*, 431 U.S. at 792, 97 S.Ct. at 2050, that it would be unwise to adopt a rule requiring the commencement of prosecution whenever there is "sufficient evidence to prove guilt beyond a reasonable doubt." We believe, however, that a delay in the commencement of prosecution can be found to be unjustifiable when the state's reason for the delay is to intentionally gain a tactical advantage over the defendant, see *United States v. Marion, supra*, or when the state, through negligence or error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased. The length of delay will normally be the key factor in determining whether a delay caused by negligence or error in judgment is justifiable.

In the instant case, the state delayed prosecuting the defendant because of an alleged "error in judgment," which lead to a halt in the Lakewood Police Department's active investigation of Tietjen's death. This investigation remained at a stand-still for approximately fifteen years. During that time, witnesses died, memories faded, and evidence was lost. When the state finally decided to commence its prosecution of the defendant herein, it did so without one shred of new evidence—its case being substantially the same as it had been since 1968. For these reasons, we find that the pre-indictment delay in the instant case is unjustifiable.

**{¶ 16}** This Court held in *State v. Burden*, Stark App. No. 2012CA00074, 2013-Ohio-1628,

When a defendant asserts a pre-indictment delay violating his due process rights, prejudice may not be presumed. *United States v. Crouch*, 84 F.3d 1497, 1514-1515(5th Cir.1996). The notion that prejudice may be presumed from a lengthy delay arises in the context of the four-part balancing test used in determining whether a post-indictment or post-accusation delay has deprived a defendant of his Sixth Amendment right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101(1972). The *Barker* four-part test, and the concept of presumptive prejudice, applies only to post-indictment or post-accusation delays that implicate the Sixth Amendment right to a speedy trial, and has no application to pre-indictment delays. *See, State v. Metz*, 4th Dist. No. 96 CA 48, 1998 Ohio App. LEXIS 1874, 1998 WL 199944(Apr. 21, 1998) (Citation omitted); *State v. Schraishuhn*, 5th Dist. No.2010—CA—00635, 2011-Ohio-3805, ¶ 31; *State v. Harrel*, 5th Dist. No. 98CAA06029, 1998 Ohio App. LEXIS 6466, 1999 WL 3887(Dec. 29, 1998).

The Ohio Supreme Court held that a delay in the commencement of prosecution by the state would be found unjustified when it is done in an attempt to gain a tactical advantage over the defendant, or when the state "through negligence or error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased." *Luck*, 15 Ohio St.3d at 158, 472 N.E.2d 1097. The

Court also held that the length of delay would normally be a key factor in this determination. *Id.*

The defendant has the burden of demonstrating prejudice. *United States v. Lawson* 780 F.2d 535, 541-542(6th Cir.1985). A lengthy delay in prosecuting the defendant, by itself, does not constitute actual prejudice. The defendant must demonstrate how the length of the delay has prejudiced his ability to have a fair trial. *United States v. Norris*, 501 F.Supp.2d 1092, 1096(S.D.Oh.2007). In *United States v. Wright*, 343 F.3d 849, 860(6th Cir.2003), the Court held that loss of memory is insufficient to establish prejudice as a matter of law.

{¶ 17} In *State v. Flickinger*, 4th Dist. No. 98CA09, 1999 Ohio App. LEXIS 225, 1999 WL 34854(Jan. 19, 1999) the court noted,

A defendant must provide concrete proof that he will suffer actual prejudice at trial as a result of the government's delay in indicting the defendant. *See, e.g., Crouch*, 84 F.3d at 1515 (stating that vague assertions of faded memories are insufficient to establish actual prejudice; the defendant must state which witness is unable to fully recount the details of the crime and how the witness' lapsed memory will prejudice the defense); *United States v. Beszborn* (C.A.5, 1994) 21 F.3d 62, 67, *certiorari denied sub nom, Westmoreland v. United States*, 513 U.S. 934, 115 S.Ct. 330, 130 L.Ed.2d 288 (stating that vague assertions of faded memories are insufficient to establish actual prejudice); *United States v. Stierwalt* (C.A.8, 1994), 16 F.3d 282, 285 (stating that assertions of faded memories are insufficient to establish actual prejudice when the defendant fails to specify how witness' lapsed memory will harm his defense); *United States v. Harrison* (S.D.N.Y.1991), 764 F.Supp. 29, 32 (stating that assertion of faded memories is insufficient to establish actual prejudice); *United States v. Greer* (D.Vt.1997), 956 F.Supp. 525, 528 (stating that a defendant must present concrete proof of actual prejudice and not mere speculation of actual prejudice).

{¶ 18} Here, Appellant argues he was prejudiced by the destruction of evidence, specifically computer evidence, and the unavailability of witnesses. The trial court correctly held any evidence on the computer would not be exculpatory as the State did not present evidence Appellant attempted to contact the victim by computer.

Further, K.W. denied Appellant attempted to contact her via the Internet. Finally, The State offered four DVD's containing evidence files from the South Carolina Computer Crime Center containing the computer files recovered from Appellant's computer. Therefore, any claim of prejudice due to the lack of Appellant's computer at trial must fail. In addition, the value of any such evidence is speculative at best.

{¶ 19} Appellant's second claim relative to the unavailability of witnesses is unpersuasive. K.W.'s counselor's testimony and unavailability due to the counselor's passing is not demonstrably exculpatory evidence. Appellant maintains K.W. did not tell her counselor of the alleged sexual abuse. K.W. testified at trial she did, over time, tell her counselor of the abuse. Appellant has not demonstrated how the lack of this evidence is overtly prejudicial or exculpatory. We find the potential exculpatory value of the evidence is merely speculative.

{¶ 20} Appellant further maintains essential law enforcement witnesses in Ohio and South Carolina are now unavailable to testify as witnesses at trial. The testimony at the hearing on Appellant's motion to dismiss demonstrates all significant law enforcement personnel involved in the investigation were present at trial. The lead officer, Detective Patrick Brandt of the Delaware Sheriff's Office, was available and testified. He conducted the majority of the investigation, interviewed witnesses and traveled to South Carolina to interview Appellant.

{¶ 21} Detective Eric Griffin, whom Appellant claims in unavailable, now works for the State of Ohio Pharmacy Board. The State demonstrated he is available to subpoena for trial.

{¶ 22} Finally, Appellant maintains K.W.'s original recorded statement is unavailable. Appellant concedes a transcript of the statement has been made available. Therefore, Appellant has failed to demonstrate actual prejudice from the unavailability of the originally recorded statement.

{¶ 23} Based on the above, we find Appellant has not met his burden of demonstrating prejudice due to the delay in the indictment. Accordingly, the first assignment of error is overruled.

*Klusty*, 2015-Ohio-2843.

The parties agree that the Supreme Court decision in *Lovasco,* 431 U.S. 783, is the relevant

precedent. In that case, the Court held that a seventeen-month delay in bringing an indictment did not warrant dismissal. Lovasco had made the specific argument that "due process bars prosecution whenever a defendant suffers prejudice as a result of preindictment delay." *Id*. at 789. The Court rejected that proposition and held that its prior decision in *United States v. Marion,* 404 U.S. 307 (1971), had established "only that proof of actual prejudice makes a due process claim concrete and ripe for adjudication, not that it makes the claim automatically valid. . . *Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim." *Id*. at 789-90, citing *Marion*, 404 U.S. at 324-26. The balance of the opinion discusses the various reasons offered by the United States to explain or excuse the delay.

In this case the charged criminal misconduct occurred in 1989 and 1999. *Klusty,* 2015-Ohio-2843, at ¶ 2. Klusty was first indicted in 2003, within the statute of limitations at the time, given the age of the victim. *Id*. at ¶ 4. The same 1989-99 misconduct formed the basis of the 2013 re-indictment, so Klusty was on notice of the charges in 2003 and provided with motivation at that time to gather evidence in his own defense and presumably did so prior to the scheduled May 2004 trial. *Id*. at ¶¶ 5-6. So far as the record shows, the complained-of loss of evidence occurred between the dismissal and the reindictment. In particular, the victim's therapist and one of the three law enforcement officers who investigated the offenses died after the May 2004 dismissal. Because that dismissal was without prejudice and the statute of limitations had not run, Klusty could have preserved their testimony but did not do so. Those facts are appropriately weighed in considering the Fifth District's decision.

The appeals court upheld the trial court's determination that Klusty had not shown actual prejudice, appropriately classified as a finding of fact. This habeas corpus court reviews that decision under 28 U.S.C. § 2254(d)(2) to determine if it was "an unreasonable determination of

the facts in light of the evidence presented in the State court proceedings."

Klusty complained that computers seized from him had been destroyed prior to trial. The Fifth District found no actual prejudice because the State did not present any computer-based evidence against him and thus there was no probative value to the computer contents. *Klusty*, 2005-Ohio-2843, at ¶ 18. Moreover, all of the contents had been downloaded to DVD's, so the content was not lost. Klusty claims "the loss of the computers denied Petitioner the opportunity to effectively impeach the alleged victim." (Reply, ECF No. 1504). However, Petitioner admits that at trial the victim admitted lying "on more than one occasion" including lying about computer interactions. *Id*., citing Hearing Trans., ECF No. 9-1, PageID 479-81; Trial Trans., ECF No. 9-2, PageID 978, 995-97, 1006. These lies evidently were brought out on cross-examination, showing defense counsel was able effectively to cross-examine. Klusty does not even suggest the downloaded DVD's were corrupt or incomplete. Indeed, he does not suggest how the computer "boxes" themselves would have made any difference.

Klusty next claims that the delay "deprived Petitioner from [sic] any meaningful opportunity to cross-examine witnesses regarding Ms. White's disclosures of the alleged abuse." (Reply, ECF No. 10, PageID 1504). This is supposedly because Carla Lewis's memory had faded and Victoria Arthur, the therapist, was deceased. *Id.* But there is no showing of what either of these women would have testified to on this subject had they been examined at the time the trial was originally scheduled. If the prosecutor had statements from either woman which was in any way exculpatory, they should have been produced to defense under *Brady v. Maryland*, 373 U.S. 83 (1963), and could have been presented in the trial court to show prejudice or, in the case of Ms. Lewis, to refresh her recollection.

Klusty argues that the therapist would have been obliged to report to the appropriate

authorities any claim of abuse she received from the victim. Because she did not do so, Klusty infers that there were no such reports by the victim to Arthur. Of course, Ms. Arthur was not available for cross-examination at trial. But the victim herself admitted at trial that she had "lied and denied any abuse when originally questioned by Ms. Arthur[.]" (Reply, ECF No. 10, PageID 1505). The question, then, is whose case was weakened by Ms. Arthur's death. The therapist's testimony about what the victim told her would only have been admissible to show a prior consistent statement of the victim, to wit, that she had been abused. That would have been part of the State's case. To the extent defense would have wanted to use the therapist's testimony to show the victim had said there was no abuse, defense already had that admission from the victim herself.

Regarding Klusty's claim that not all three of the investigating officers was available for trial, the Fifth District found the principal investigator was present and testified and one of the other officers was within subpoena range. No showing is made that anything the deceased officer would have testified to would have been somehow exculpatory.

The victim's original recorded statement was lost before trial, but Petitioner conceded that a transcript was made available. *Klusty*, 2015-Ohio-2843, at ¶ 22. Klusty argues that an audio-visual recording "is a far more accurate reflection of a given witness' demeanor, tone, and attitude." (Reply, ECF No. 10, PageID 1505). Yet, there is no indication in the places cited by Klusty that a video recording was made, and an audio recording would be of limited value in addition to a transcript. Nor is there any suggestion about how the audio recording would have been exculpatory or provided any more material for cross-examination than the transcript did.

Regarding the test applied to measure prejudice, Klusty argues the state courts adopted an outcome-determinative test (Reply, ECF No. 10, PageID 1506). However, he points to no articulation of such a test in the Fifth District's decision, and the Magistrate Judge finds none.

10

Instead, the Fifth District considered the potential exculpatory or prejudicial impact of each piece of lost evidence.

As the trial judge found, the State offered "no reason whatsoever for the delay in prosecuting this case . . ." (Judgment Entry, State Court Record, ECF No. 5, PageID 55). The judge also found that the delay was not for investigation or "to gain some tactical advantage." *Id*. at PageID 55-56. However, both the trial court, *id*. at PageID 56, and the Fifth District, *Klusty*, 2015-Ohio-2843, at ¶ 23, found there was no actual prejudice to Klusty from the delay and that finding is not an unreasonable determination of the facts on the basis of the evidence presented. Klusty's First Ground for Relief is therefore without merit.

**Ground Two: Failure to Properly Instruct the Jury**

In his Second Ground for Relief, Petitioner claims that when the jury asked questions about the age of the case, the trial judge should have "advise[d] the jury that the delay was due to the State's dismissal of the original case."

This claim was presented to the Fifth District Court of Appeals as the Second Assignment of Error and decided as follows:

> **{¶ 24}** In the second assignment of error, Appellant challenges the trial court's instruction to the jury as to the age of the case.
>
> **{¶ 25}** When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. *State v. DeMastry*, 155 Ohio App.3d 110, 2003-Ohio-5588, 799 N.E.2d 229.
>
> **{¶ 26}** The trial court instructed the jury as follows,

> First of all, there have been no previous trials in this case, and you're not to consider whether any prior proceedings occurred in this matter. Any procedural history of legal proceedings is irrelevant to your determination in this case after the time of disclosure.
>
> {¶ 27} Based upon our analysis and disposition of the first assignment of error and given the procedural history herein, including the prior indictment and dismissal due to Appellant's wife's medical condition, we find the trial court did not abuse its discretion in instructing the jury as stated above and did not abuse its discretion in failing to further instruct the juror concerning the pre-indictment delay.
>
> {¶ 28} The second assignment of error is overruled.

*Klusty*, 2015-Ohio-2843.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Waddinngton v. Sarausad,* 555 U.S. 179, 192-94 (2009); *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991), quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). "[T]he category of infractions that violate 'fundamental fairness' has been defined 'very narrowly.'" *Levingston v. Warden*, 891 F.3d 251 (6th Cir. 2018); quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

Petitioner's claim is that the instruction the trial judge gave, quoted above, misled the jury into believing that the delay between the initial dismissal and the trial was Klusty's fault. The Magistrate Judge concludes, however, that the instruction given, reasonably read, told the jury that the history was irrelevant, not that either side was responsible. There is no suggestion that the

prosecutor even hinted at imputing to Klusty any fault for the delay from dismissal to trial.[1] Thus the Respondent is entitled to the usual presumption that the jury followed the instructions they were given and did not consider the delay one way or the other.

Klusty has not shown that the instruction given was erroneous, much less that it infected the whole trial with unfairness. The Fifth District's decision is not an objectively unreasonable application of *Cupp*, and is entitled to deference under 28 U.S.C. § 2254(d)(1).

**Ground Three: Failure to Separate Witnesses**

In his Third Ground for Relief, Klusty asserts his right to due process of law was violated when the victim was permitted to be present in the courtroom during all stages of the proceedings.

Klusty presented this claim as his Third Assignment of Error on direct appeal, and the Fifth District decided it as follows:

> **{¶ 29}** In the third assignment of error, Appellant maintains the trial court erred in allowing the victim, K.W., to remain present during all stages of the trial pursuant to R.C. 2930.09.
>
> **{¶ 30}** R.C. 2930.09 reads,
>
> A victim in a case may be present whenever the defendant or alleged juvenile offender in the case is present during any stage of the case against the defendant or alleged juvenile offender that is conducted on the record, other than a grand jury proceeding, unless the court determines that exclusion of the victim is necessary to protect the defendant's or alleged juvenile offender's right to a fair trial or to a fair delinquency proceeding. At any stage of the case at which the victim is present, the court, at the victim's request, shall permit the victim to be accompanied by an individual to provide support to the victim unless the court determines that exclusion of the individual

---

[1] There is a suggestion in the Fifth District's decision that the original dismissal was caused by the high risk pregnancy of Petitioner's spouse, *Klusty*, 2005-Ohio-2843, at ¶ 5, but the jury also was not told that. It also would have been irrelevant to the merits of the case.

> is necessary to protect the defendant's or alleged juvenile offender's right to a fair trial or to a fair delinquency proceeding.
>
> {¶ 31} Evidence Rule 615 provides,
>
>> (A) Except as provided in division (B) of this rule, at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. An order directing the "exclusion" or "separation" of witnesses or the like, in general terms without specification of other or additional limitations, is effective only to require the exclusion of witnesses from the hearing during the testimony of other witnesses.
>>
>> (B) This rule does not authorize exclusion of any of the following persons from the hearing:
>>
>> (4) in a criminal proceeding, a victim of the charged offense to the extent that the victim's presence is authorized by statute enacted by the General Assembly. As used in this rule, "victim" has the same meaning as in the provisions of the Ohio Constitution providing rights for victims of crimes.
>
> {¶ 32} A decision to allow a victim to remain in the courtroom during a trial is left to the discretion of the trial court. *State v. Maley*, First Dist No. C-120599, 2013-Ohio-3452.
>
> {¶ 33} Appellant has not demonstrated K.W.'s testimony was influenced or affected by her presence in the courtroom during trial. We find the trial court did not abuse its discretion in allowing K.W. to remain in the courtroom as authorized by statute and Ohio rules of court throughout trial.
>
> {¶ 34} The third assignment of error is overruled.

*Klusty*, 2015-Ohio-2843.

Respondent asserts this is purely a question of state law, presented as such to the Fifth District and decided by it on that basis (Return, ECF No. 6, PageID 345). Klusty responds that he presented this as a constitutional claim on direct appeal (Reply, ECF No. 10, PageID 1508-11.)

In his Brief on direct appeal, Klusty argued his Third Assignment of Error as a violation of

14

his "right to due process as guaranteed by the United States Constitution" (Appellant's Brief, State Court Record, ECF No. 5, PageID 121). In presenting that Assignment of Error, he argued that Ohio Revised Code § 2930.09, Ohio R. Evid. 615(B)(4) and t Article I, Section 10a, the victim's rights provision of Ohio Constitution, pursuant to which the other two provisions were enacted, "are fundamentally irreconcilable with the Fifth and Fourteenth Amendments to the United States Constitution." *Id.* at PageID 142. Petitioner argued directly from the text of the two Due Process Clauses and cited no federal case law in support of his conclusion. The Fifth District cited no federal case law in its decision. Nevertheless, a federal constitutional claim was squarely presented to the Fifth District. Because the claim was plainly presented and denied by implication without explicit discussion, the question is whether the decision is entitled to deference under the AEDPA. *Harrington v. Richter*, 562 U.S. 86 (2011).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. at 10; *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The implication of § 2254(d)(1) is that federal district courts sitting in habeas may not consider asserted constitutional violations *de novo*. Rather, the court must measure asserted violations against the holdings (not dicta) of Supreme Court precedent. And while the separation

of witnesses dates at least from biblical times[2], it has never been recognized by the Supreme Court as protected by the Due Process Clauses. Because the Fifth District's decision on this claim is not an objectively unreasonable application of Supreme Court precedent, it is entitled to deference. Klusty's Third Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability.

May 3, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[2] Susanna, Ch. 13 of the Greek Version of the Book of Daniel, verses 50-52.