# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GARY KLUSTY,

          Petitioner,          :      Case No. 2:17-CV-062

  - vs -                                Chief Judge Algenon L. Marbley
                                         Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
 London Correctional Institution

                                           :
          Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN JUDGMENT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Reopen Judgment (ECF No. 17) to allow the Court to consider on the merits his late-filed Objections (ECF No. 15).

This case was filed by attorney Samuel Shamansky on behalf of Petitioner Klusty (Petition, ECF No. 1, PageID 15). Mr. Shamansky is an attorney at law admitted to practice before this Court, so the Court accepted his filing, as it would for any attorney in like circumstances. Thereafter, notice of court filings was made to Petitioner by transmission of the Notice of Electronic Filing (NEF) to Shamansky who filed a Reply to the Return of Writ on Petitioner's behalf on May 12, 2017. Nothing else happened in the case for two years until the Magistrate Judge reference was transferred to the undersigned on May 2, 2019. Because the case had been ripe for some time, the undersigned gave it first priority and filed a Report and Recommendations on May 3, 2019 (ECF No. 12). The Report had the appended Notice required by the Sixth Circuit

1

of the requirement to file objections within fourteen days. *Id.* at PageID 1528. When no objections had been filed by May 23, 2019, Judge Marbley adopted the Report and the Clerk entered judgment dismissing the Petition with prejudice (ECF Nos. 13, 14).

On October 4, 2019, having obtained new counsel, Klusty filed a Motion for Leave to File Objections Instanter (ECF No. 15). In support of that request, Klusty provided a Declaration under penalty of perjury describing his relationship and communications with Samuel Shamansky from the time the Report was issued through July 19, 2019, when Shamansky visited him in prison and essentially advised him that doing anything further in the case would be a waste of time. He then began to search for new counsel and eventually retained Kort Gatterdam who entered his appearance in the case by filing the instant Motion.[1]

Petitioner seeks relief under Fed.R.Civ.P. 60(b)(1) which allows relief from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect. The Magistrate Judge recommends the Motion be granted because Klusty did not know of the Magistrate Judge's Report in time to file objections or indeed until after judgment was entered. When he did find out, he disagreed with his lawyer's advice that doing anything further would be a waste of time and then he proceeded promptly to find new counsel to represent him. The law prefers decision of cases on the merits and not by rigid enforcement of procedural deadlines. Because the Report was filed by a Magistrate Judge, Klusty has never had review on the merits of his case by an Article III judge and cannot obtain that review without relief from judgment. Without expressing any opinion on

---

[1] Shamansky has now withdrawn (ECF No. 18, 19).

the merits of the Objections, the Magistrate Judge respectfully recommends that the judgment be reopened so that they can be considered on the merits.

October 9, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).