# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GARY KLUSTY,

        Petitioner,    :    Case No. 2:17-CV-062

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
 London Correctional Institution

    :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections to Magistrate Judge's Report and Recommendations ( the "Report," ECF No. 24). Chief Judge Marbley has reopened the judgment and recommitted the case for reconsideration in light of the Objections (ECF No. 22, 25).

**General Objection**

At the outset of his Objections, Klusty writes that he "objects to each and every finding of fact and conclusion of law in the Report and Recommendations which is adverse to Klusty's claims for relief." (Objections, ECF No. 24, PageID 1574.) Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report

and recommendations are frivolous, conclusive, or general. Parties have a "duty to pinpoint" portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986), quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(internal quotation marks omitted).

**Ground One: Pre-Indictment Delay**

In his First Ground for Relief, Klusty argued that the delay of his re-indictment[1] in this case denied him due process of law. The Ohio Fifth District Court of Appeals decided this claim on the merits. *State v. Klusty*, 2015-Ohio-2843 (5th Dist. Jul. 13, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1459 (2016). Respondent defended this Ground for Relief on the merits. The Report concluded the Fifth District's thorough analysis was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent, particularly *United States v. Lovasco,* 431 U.S. 783 (1977)(Report, ECF No. 12, PageID 1515-23).

Klusty objects that the Supreme Court has held "excessive delay presumptively compromises the reliability of a trial," (Objections, ECF No. 24, quoting *Doggett v. United States,* 505 U.S. 647, 655 (1992)). He then proceeds to list the ways in which he believes he was actually prejudiced by the delay. *Id.* at PageID 1575-80. Klusty concludes:

> Ohio courts and the Magistrate Judge appear to have adopted a heighted [sic; presumably "heightened" is intended] standard concerning the issue of pre-indictment delay, denying any relief where a defendant cannot point to a specific outcome that would have resulted but for the unreasonable delay. Respectfully, predicting the future is an impossible task, and certainly not is what

---

[1] The original indictment was dismissed without prejudice and Klusty was not re-indicted for ten years.

> required by law. Rather, the Constitution merely requires a criminal
> defendant to demonstrate actual prejudice.

(ECF No. 24, PageID 1580.)

The Report noted that "[t]he parties agree that the Supreme Court decision in *Lovasco*, 431 U.S. 783, is the relevant precedent." (Report, ECF No. 12, PageID 1519-20). The record citations to where that agreement occurs are in the Return of Writ (ECF No. 6, PageID 339) and the Reply (ECF No. 10, PageID 1502). Since the Reply was filed, Klusty has obtained new counsel (ECF No. 18, 21). New counsel does not explicitly repudiate prior counsel's acceptance of *Lovasco* as the controlling law, but argues the Objections in terms of *Doggett*.

*Doggett* was a 5-4 decision of the Supreme Court which held that an eight-and-a-half year delay between indictment and **arrest** violated Doggett's Sixth Amendment Speedy Trial right without a showing of particularized trial prejudice. The Court applied the factors for analyzing speedy trial claims it had adopted in *Barker v. Wingo*, 407 U.S. 514 (1972): "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505 U.S. at 651, citing *Barker*, *supra*, at 530. Unlike Klusty, Doggett did not know of the charges against him until he was arrested. *Doggett*, 505 U.S. at 653-54. It noted that the most serious form of prejudice recognized in *Barker* was inability to prepare a defense. *Id.* It held "Once triggered by arrest, indictment, or other official accusation, . . . the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that *Barker* recognized." *Id.* citing *Moore v. Arizona*, 414 U.S. 25, 26-27, and n.2 (1973); *Barker, supra*, at 532; *Smith, supra,* at 377-79; and

3

United States v. *Ewell*, 383 U.S. 116, 120 (1966) 120. While it indulged a presumption of prejudice from long and unjustified government delay, it held that presumption could be rebutted.

Neither the Report nor the Fifth District's decision is inconsistent with *Doggett*. First of all, *Doggett* did not purport to change the standard in *Lovasco* which is cited approvingly, 505 U.S. at 666. Second, as a critical matter, Klusty knew of the charges and thus had an opportunity and incentive to prepare a defense when he was first indicted. Third, the Fifth District decision did not impose an outcome-determinative test of prejudice on Klusty, but weighed each particular claim of prejudice individually. That is, it did not declare Klusty was not prejudiced because he could not show the outcome would have been different with an earlier trial, but found the likely impact of prejudice in each particular instance was minimal or speculative.

The Report also does not impose an outcome-determinative test of Klusty's case and it does not purport to decide the speedy trial claim *de novo*. Rather, because the Fifth District decided Klusty's constitutional issue, we must decide if its decision was objectively unreasonable. Having reviewed that decision on the merits, the Magistrate Judge again finds it is consistent with *Barker, Lovasco,* and *Doggett*. It is therefore entitled to deference under 28 U.S.C. § 2254(d)(1).

**Ground Two: Faulty Answer to the Jury's Question About Delay**

Klusty's trial jury propounded questions about the age of the case and the trial judge instructed them that the age of the case was irrelevant. In his Second Ground for Relief, Klusty argues that the trial judge's failure to instruct the jury that the delay was entirely caused by the State violated his right to due process. The Fifth District concluded the failure to give the

4

instruction requested by Klusty was not an abuse of discretion. *Klusty*, 201-Ohio-2843, ¶¶ 24-28.

The Report concluded that the instruction actually given did not convey the impression that Klusty caused the delay, but rather that the cause of the delay was not relevant to their consideration. Because juries are presumed to have followed instructions and because the cause of the delay was irrelevant to Petitioner's guilt or innocence, the Report recommended dismissing this claim on the merits (ECF No. 12, PageID 1525).

In his Objections Klusty cites no authority for the proposition that a jury instruction telling a jury not to weigh irrelevant speculation is in error, much less fundamentally unfair. Klusty is correct that the jury had questions about the age of the case, but his claim that those questions led the jury to assume Klusty was responsible and that affected their verdict is purely speculative.

**Ground Three: Presence of the Victim Throughout Trial**

In his third Ground for Relief, Klusty argued his right to due process was violated when the victim was allowed to be present throughout the trial (Petition, ECF No. 1, PageID 8). Both the Ohio Constitution and Ohio Revised Code § 2930.09 make provision for victim's rights at trial. Arguing that the victim was allowed to be present throughout trial because of this Ohio law, Klusty recites the truism that such law is subordinate to the United States Constitution (Objections, ECF No. 24, PageID 1587, citing *McCulloch v. Maryland,* 17 U.S. 316, 427 (1819)). He notes, without citation to any other Supreme Court precedent, that separation of witnesses "has historically been deemed an appropriate method by which to safeguard against one witness being influenced by the testimony of another." (Objections, ECF No. 24, PageID 1588.) Justice Holmes famously

remarked that the Fourteenth Amendment does not enact Herbert Spencer's Social Statics. *Lochner v. New York,* 198 U.S. 45, 75 (1905)(Holmes, J., dissenting). Neither does it enact Chapter 13 of the Book of Daniel where Susanna is saved from lascivious elders by Daniel's separation of witnesses. Separation of witnesses is a trial technique with a biblical imprimatur.[2] But it has never been held by the Supreme Court to be commanded by the Fourteenth Amendment. Under 28 U.S.C. § 2254(d)(1), it is holdings of the Supreme Court against which state court decisions must measured.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion as to Grounds Two and Three, it is also recommended that Petitioner be denied a certificate of appealability on those grounds. However, the Magistrate Judge also concludes reasonable jurists could disagree with these conclusions above about the weighing of prejudice to Klusty from delay and therefore recommends granting a certificate of appealability on Ground One.

January 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] At least for those Christian churches which accept Susanna as part of the biblical canon.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.