# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GARY KLUSTY,

|                   |   |                                      |
|-------------------|---|--------------------------------------|
| Petitioner,       | : | Case No. 2:17-cv-062                  |
|                   |   |                                      |
| - vs -            |   | Chief Judge Algenon L. Marbley       |
|                   |   | Magistrate Judge Michael R. Merz     |

JEFF NOBLE, Warden,
  London Correctional Institution

                                    :
                Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 28) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 27).

As required by Fed.R.Civ.P. 72(b)(3), the District Judge has conducted a *de novo* review of those portions of the Supplemental Report to which a specific objection has been made. To the extent Petitioner makes a "general" objection in his Objections to Supplemental Report (ECF No. 28, PageID 1624), that general objection is overruled as inconsistent with the requirements of Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b).

**Litigation History**

Petitioner was indicted August 21, 2003, on three counts of rape in violation of Ohio Revised Code § 2907.02 with force specifications, and two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05. The case was dismissed without prejudice prior to trial because of the unavailability of Klusty's wife as a witness. Ten years later, on August 23, 2013, a Delaware County grand jury re-indicted Klusty, charging him with five counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4) and three counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). A jury convicted Klusty on all charges except one count of rape and he was sentenced to a term of ten years to life imprisonment.

The conviction and sentence were affirmed on direct appeal *State v. Klusty,* Delaware No. 14 CAA 07 0040, 2015-Ohio-2843 (Ohio App. 5th Dist. Jul. 13, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1459 (2016). With the assistance of his original counsel, Petitioner filed his Petition for Writ of Habeas Corpus pleading the following grounds for relief:

> **Ground One:** Pre-indictment Delay/Due Process
>
> **Supporting Facts:** Defendant was originally indicted in 2003. On April 21, 2004, the State dismissed the case without prejudice, citing unavailability of a witness due to pregnancy, and indicated that the case would be refiled once the witness was available. The State then failed to refile the case until August 23, 2013. By that time, the alleged victim's therapist, to whom she had made statements regarding Petitioner's conduct, had passed away. Additionally, the therapist's notes regarding her sessions with the alleged victim had been lost. Defendant was thus unable to make any inquiry as to the alleged victim's date of disclosure to the therapist, her description of events, or any other pertinent details of their interactions. Notably, the witness originally cited by the State in its dismissal was never utilized in 2013.
>
> **Ground Two:** Failure to Instruct/Due Process

2

**Supporting Facts:** When numerous jury questions were received regarding the age of the case relative to the dates of the alleged conduct, the trial court failed to advise the jury that the delay was due to the State's dismissal of the original case. Rather, the trial court merely advised that any history of the case was irrelevant to their deliberations. Thus, the jury was permitted to operate under the false impression that the delay could have been due to the actions of Petitioner.

**Ground Three:** Failure to Separate Witnesses/Due Process

**Supporting Facts:** The trial court permitted the alleged victim to remain present in the courtroom during the testimony of other fact witnesses despite Petitioner's request the witnesses be separated during the trial.

(Petition, ECF No. 1, PageID 5, 7-8.)

In his original Report and Recommendations, the Magistrate Judge recommended dismissing all three grounds for relief on the merits ("Report," ECF No. 12, PageID 1523, 1525, 1528). Petitioner's original counsel did not file objections and the Court adopted the Magistrate Judge's Report (ECF No. 13, 14). When Petitioner learned that objections had not been filed, he substituted current counsel (ECF No. 18, 19). On new counsel's Motion (ECF No. 17), the judgment was reopened (ECF No. 22) and Petitioner's new counsel filed Objections to the original Report (ECF No. 24). The Court recommitted the case to the Magistrate Judge (ECF No. 25), the Magistrate Judge filed a Supplemental Report and Recommendations ("Supplemental Report," ECF No. 27) and Petitioner through counsel filed his current Objections (ECF No. 28). Respondent's time to reply to those Objections expired February 10, 2020, but no response was filed.

**Ground One: Denial of Due Process by Pre-Indictment Delay**

In his First Ground for Relief, Klusty claims he was denied due process of law by the State's lengthy delay prior to re-indictment (Petition, ECF No. 1, PageID 5). Respondent defended on the merits, asserting the Ohio Fifth District Court of Appeals' decision of this claim is entitled to deference (Return of Writ, ECF No. 6, PageID 339-40).

The offenses in this case happened in 1998-99 (Report, ECF No. 12, PageID 1520, citing *Klusty*, 2015-Ohio-2843). Klusty was first indicted for these crimes in 2003; the same offenses formed the basis of the reindictment in 2013. *Id.* Thus, the Fifth District and the Magistrate Judge concluded, Petitioner was on notice of the charges and had a motive to collect evidence at the time of the original indictment. *Id.* Applying the appropriate federal standard, the Fifth District concluded the State had not delayed the matter for tactical reasons and Klusty had shown no actual prejudice from the delay. The Report determined that was a finding of fact, entitled to deference under 28 U.S.C. § 2254(d)(2) because it was not an unreasonable determination of the facts based on the evidence. *Id.* at PageID 1523. The Magistrate Judge adhered to this position in the Supplemental Report.

The instant Objections reargue the possible sources of actual prejudice to Petitioner from the delay (Objections, ECF No. 28, PageID 1605-12). However, as the original Report notes, the Fifth District Court of Appeals considered each of these possible sources of actual prejudice and found that no actual prejudice occurred for reasons it fully explained. This Court's task in habeas corpus is not to reweigh that evidence, but to determine whether the state court's weighing was unreasonable.

In his instant Objections, Petitioner relies on *Doggett v. United States*, 505 U.S. 647 (1972),

as providing the relevant Supreme Court standard against which the state court decision must be measured. In *Doggett* a five-Justice majority of the court held that an 8 ½ year delay from indictment to trial was presumptively prejudicial and that no actual prejudice was required to be shown. At the time of the original Report, however, both parties had agreed that the relevant precedent was *United States v. Lovasco*, 431 U.S. 783 (1977)(Report, ECF No. 12, PageID 1519-20). In that case the Court distinguished between pre-indictment delay and speedy trial issues post-indictment. The Magistrate Judge discussed the distinctions between *Doggett* and *Lovasco* in his Supplemental Report (ECF No. 27, PageID 1598-99). The Court agrees that *Lovasco* continues to be the relevant precedent here and that the Fifth District's decision is not an unreasonable application of that decision.

**Ground Two: Failure to Properly Instruct the Jury**

In his Second Ground for Relief, Petitioner claims that when the jury asked questions about the age of the case, the trial judge should have "advise[d] the jury that the delay was due to the State's dismissal of the original case." In fact, the trial judge responded to the jury's questions by instructing them:

> First of all, there have been no previous trials in this case, and you're not to consider whether any prior proceedings occurred in this matter. Any procedural history of legal proceedings is irrelevant to your determination in this case after the time of disclosure.

(Quoted at *Klusty*, 2015-Ohio-2843, ¶ 26.)

Petitioner claimed that the instruction the trial judge gave, quoted above, misled the jury into believing that the delay between the initial dismissal and the trial was Klusty's fault. The Report concluded, however, that this instruction told the jury that the history was irrelevant, not

that either side was responsible (Report, ECF No. 12, PageID 1524-25).  There was no suggestion, the Magistrate Judge found, that the prosecutor even hinted at imputing to Klusty any fault for the delay from dismissal to trial.  *Id.*  Thus, the Respondent was entitled, he concluded, to the usual presumption that the jury followed the instructions they were given and did not consider the delay one way or the other.  *Id.*  In the Supplemental Report, the Magistrate Judge adhered to his conclusions on Ground Two and found Klusty's assertion that the jury attributed the delay to him to be purely speculative.  (Supplemental Report, ECF No. 27, PageID 1600.)

Petitioner objects that the jury was bound to be curious about the delay and the parties should have anticipated that (Objections, ECF No. 28, PageID 1614).  He also argues the jury could have inferred he was responsible for the delay because it learned he had lived in Pennsylvania and South Carolina for some parts of the ten years between indictments.  *Id.* at PageID 1615.

The Court disagrees.  Any explanation by the Court of the facts relevant to the delay risked having the jury focus on a question which was irrelevant to the issues they had to decide.  Because the cause of the delay has been properly determined pretrial to be irrelevant, the judge correctly told the jury that indeed it was irrelevant.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair.  *Waddington v. Sarausad,* 555 U.S. 179, 192-94 (2009); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977).  The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

"[T]he category of infractions that violate fundamental fairness has been defined very narrowly." *Levingston v. Warden*, 891 F.3d 251 (6th Cir. 2018), quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), citing *Dowling*, *supra.*

Relying on *Cupp*, Petitioner argues:

> [B]ecause the facts available to the jury would have led a reasonable person to infer that Klusty was at fault for the delay between investigation and trial, the trial court's failure to give an instruction to cure that prejudice deprived Klusty of due process of law because it infected the entire trial. Instead of the instruction given, the trial court should have explained the delay was caused by the State and the court found no justifiable reason for the delay.

(Objections, ECF No. 28, PageID 1615-16.) However, he offers no authority for the proposition that failure to explain pretrial delay to a jury so infects a trial as to render it fundamentally unfair. Rather than risk giving the jury facts that could lead them to believe the delay was relevant to guilt or innocence, the trial judge quite properly told them it was not. Klusty has cited no clearly established Supreme Court precedent which the Fifth District unreasonably applied in reaching that conclusion.

**Ground Three: Failure to Separate Witnesses**

In his Third Ground for Relief, Klusty asserts his right to due process of law was violated when the victim was permitted to be present in the courtroom during all stages of the proceedings.

Respondent had asserted that question was presented to the Fifth District purely as a matter of state law, but the Magistrate Judge concluded the appeal raised the question of whether the victims' rights statutes under which the victim was permitted to remain were unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments (Report, ECF No. 12, PageID 1527). He further concluded that, because the Fifth District had decided that question on

7

the merits, its decision was to be reviewed deferentially under the AEDPA. *Id.*, citing *Harrington v. Richter*, 562 U.S. 86 (2011). Noting that the Supreme Court had never held that a separation of witnesses was constitutionally required, he recommended dismissing Ground Three. *Id.* at PageID 1528. He adhered to that position in the Supplemental Report (ECF No. 27, PageID 1601).

Petitioner's Objection on Ground Three recites at some length the functional value of a separation of witnesses and then proceed to remind the Court of the Supremacy Clause under which Ohio law, including its victims' rights statutes and constitutional provision, are subordinate to the United States Constitution. These points, although valid, do not carry the day. This habeas corpus Court is not authorized to decide *de novo* whether permitting the victim to be present during this trial violated Klusty's due process rights. Rather we are limited to deciding whether the Fifth District's decision that it did not was an unreasonable application of some clearly established Supreme Court precedent. It is not.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge's Report and Supplemental Report are ADOPTED and Petitioner's Objections are OVERRULED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

DATED: June 23, 2020

_____
Algenon L. Marbley
Chief  United States District Judge